UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| S.USA LIFE INSURANCE COMPANY, INC., <br><br> Plaintiff; <br><br> v. <br><br> DANIEL B. SELNICK, <br><br> Defendant. | Civil Action No. 7:18CV558 |

COMPLAINT

Plaintiff S.USA Life Insurance Company, Inc. ("S.USA Life"), complains of Defendant Daniel B. Selnick ("Selnick") as follows:

**Nature of the Action**

1.  This is a breach-of-contract action arising from Selnick's failure to repay S.USA Life for commission chargebacks as required under the parties' General Agent Contract ("Contract"). (A true copy of the Contract with personal identifiers redacted is attached as Exhibit A.)

**Parties**

2.  S.USA Life is a corporation organized and existing under the laws of Arizona, with its statutory home office at 815 North 1st Avenue, Phoenix, Arizona 85003; and its principal executive office at 460 W. 34th Street, Suite 800, New York,

New York 10001. S.USA Life is thus a citizen of Arizona and New York for jurisdictional purposes.

3. Selnick is a natural person who is domiciled in Florida. He is thus a citizen of Florida for jurisdictional purposes.

## Jurisdiction and Venue

4. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332(a), because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because S.USA Life and Selnick are citizens of different States.

5. Under the Contract, Selnick agreed to submit himself to the jurisdiction of this Court. This Court thus has personal jurisdiction over him.

6. Under the Contract, Selnick agreed to venue in this Court. Venue is thus proper in this Court.

## Facts

7. S.USA Life is in the business of selling insurance policies.

8. Selnick is, or at all times relevant was, an independent insurance agent.

9. On March 1, 2017, S.USA Life and Selnick entered into the Contract. Under the Contract, S.USA Life agreed to appoint Selnick to solicit applications for its insurance policies and to pay him commissions on the insurance policies he sold, subject to certain terms and conditions.

10. In accordance with the Contract, S.USA Life would pay Selnick a commission when an application for an insurance policy was received by the company.

This commission included an "advance" of a certain portion of the commission that would be coming due for the first year of the insurance policy. But if the insurance policy was later rescinded, processed as "not taken," or terminated within the first year, then S.USA Life would assess Selnick with a commission chargeback for all or part of the commission it paid him on the insurance policy, including overpayment of any part of the commission that had been advanced.

11. Under the Contract, if commission chargebacks assessed to Selnick were not offset by commissions due or to become due to him, then he agreed to repay the commission chargebacks to S.USA Life within 30 days of receiving written notice of the total amount due from the company. And if Selnick did not pay the total amount due to S.USA Life within those 30 days, then he agreed to pay all costs of collection, including attorney's fees, as well as 12% interest on the total amount due to the company.

12. On September 11, 2018, S.USA Life sent Selnick written notice terminating the Contract. (A true copy of the written termination notice is attached as Exhibit B.)

13. On October 9, 2018. S.USA Life sent Selnick written notice demanding repayment of $79,126.20 in commission chargebacks. (A true copy of the written demand notice is attached as Exhibit C.) More than 30 days have passed since S.USA Life sent that written demand notice, and Selnick has failed to repay the full amount of the commission chargebacks.

14. As of the date of this Complaint, Selnick owes S.USA Life a total of $79,126.20 in commission chargebacks.

15. Even though S.USA Life has terminated the Contract, Selnick's obligation to repay the commission chargebacks, together with all costs of collection and 12% interest on the total amount due, survives.

16. The Contract is governed by and is to be construed in accordance with Virginia law.

### Count I – Breach of Contract

17. S.USA Life realleges and incorporates the allegations set forth above in paragraphs 1–16.

18. As reflected by their signatures, S.USA Life and Selnick mutually assented to the Contract, which is supported by adequate consideration. The Contract is thus valid and enforceable under Virginia law.

19. S.USA Life fully performed under the Contract by (among other things) timely paying Selnick all commissions he was owed for the insurance policies he sold for the company.

20. But some of the insurance policies for which Selnick was paid commissions by S.USA Life were later rescinded, processed as "not taken," or terminated within the first year. As a result, S.USA Life assessed Selnick with commission chargebacks totaling $79,126.20 for those policies. Under the Contract, he must repay those commission chargebacks within 30 days of receiving written notice of the total amount due from S.USA Life.

21. On October 9, 2018, S.USA Life sent Selnick written notice of the total amount of the commission chargebacks—$79,126.20—and demanded that he repay that amount, in accordance with the Contract. More than 30 days have passed since S.USA Life sent that written demand notice, and Selnick has failed to repay the full amount of the commission chargebacks.

22. By failing to repay the total amount of the commission chargebacks to S.USA Life, Selnick has breached the Contract.

23. As a result of Selnick's breach of the Contract, S.USA Life has sustained damages totaling at least $79,126.20.

## Count II – Unjust Enrichment

24. S.USA Life realleges and incorporates the allegations set forth above in paragraphs 1–16.

25. By paying Selnick commissions on insurance policies that were later rescinded, processed as "not taken," or terminated within the first year, S.USA Life conferred a benefit on him.

26. Selnick knew of the benefit and should have reasonably expected to repay S.USA Life for it.

27. Selnick accepted the benefit without paying for its value.

28. By accepting the benefit without paying for its value, Selnick has been unjustly enriched. That enrichment equals at least the value of the commissions—$79,126.20.

## Prayer for Relief

Based on the foregoing allegations, S.USA Life prays for judgment against Selnick as follows:

A.   For money damages in the amount of at least $79,126.20, reflecting the total amount owed in commission chargebacks as of the date of judgment;

B.   For pre- and post-judgment interest at 12%;

C.   For attorney's fees and costs of this action; and

D.   For such other and further relief as this Court may deem just and proper.

## Jury Demand

S.USA Life demands a trial by jury.

Dated: November 9, 2018                           S.USA LIFE INSURANCE
                                                  COMPANY, INC.

                                                  By: /s/Justin E. Simmons
                                                       Of Counsel

J. Benjamin Rottenborn (VSB No. 84796)
Justin E. Simmons (VSB No. 77319)
WOODS ROGERS PLC
P.O. Box 14125
Roanoke, VA 24038-4125
Phone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com
jsimmons@woodsrogers.com

*Counsel for Plaintiff S.USA Life Insurance Company, Inc.*

## Prayer for Relief

Based on the foregoing allegations, S.USA Life prays for judgment against Selnick as follows:

A.   For money damages in the amount of at least $79,126.20, reflecting the total amount owed in commission chargebacks as of the date of judgment;

B.   For pre- and post-judgment interest at 12%;

C.   For attorney's fees and costs of this action; and

D.   For such other and further relief as this Court may deem just and proper.

## Jury Demand

S.USA Life demands a trial by jury.

Dated: November 9, 2018                S.USA LIFE INSURANCE
                                       COMPANY, INC.

                                       By: /s/Justin E. Simmons
                                            Of Counsel

J. Benjamin Rottenborn (VSB No. 84796)
Justin E. Simmons (VSB No. 77319)
WOODS ROGERS PLC
P.O. Box 14125
Roanoke, VA 24038-4125
Phone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com
jsimmons@woodsrogers.com

*Counsel for Plaintiff S.USA Life Insurance Company, Inc.*